UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, | )<br>)<br>) |
| Plaintiff | ) Civil Action No. _____ |
| v. | ) |
| | ) **COMPLAINT** |
| GREGORY EDWARD MULROONEY, individually, and EDWARD MULROONY, d/b/a MULROONEY ENTERPRISES, | )<br>) (Injunctive Relief Sought)<br>) |
| Defendant | ) |

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor (Plaintiff) brings this action to enjoin Gregory Edward Mulrooney, individually, and d/b/a Mulrooney Enterprises (Defendants) from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*., (hereinafter "FLSA" or "the Act"), 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2) and 215(a)(5); to recover unpaid wages and liquidated damages pursuant to the provisions of Sections 15(a)(2) and 16(c) of the Act, 29 U.S.C. §§ 215(a)(2); and 216(c), and to obtain legal and equitable relief in order to prevent future violations pursuant to Section 17 of the Act, 29 U.S.C § 217.

I

Jurisdiction is conferred upon this Court by Section 17 of the Act, 29 U.S.C. § 217, to enjoin violations of the Act and to restrain the withholding of back wages due under

the Act. Jurisdiction is also conferred by 28 U.S.C. § 1345 as this is a civil action brought by the U.S. Department of Labor in order to obtain additional amounts, equal to back wages due, as liquidated damages under Section 16(c) of the Act, 29 U.S.C. § 216(c).

II

A. Defendant, Gregory Edward Mulrooney, d/b/a Mulrooney Enterprises (Mulrooney Enterprises) is a sole proprietorship based in Tennessee. It has a place of business and does business at 525 Plum Avenue, Memphis, Tennessee 38107. At all times hereinafter mentioned, Mulrooney Enterprises has been engaged in the business of general construction, demolition, and disposal in the states of Tennessee and Mississippi.

B. Defendant, Gregory Edward Mulrooney has, at all times hereinafter mentioned, acted directly or indirectly in the interest of Mulrooney Enterprises in relation to its employees. Gregory Edward Mulrooney is, therefore, an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

C. At all times hereinafter mentioned, Gregory Edward Mulrooney, d/b/a Mulrooney Enterprises and Gregory Edward Mulrooney, individually, were both employers within the meaning of Section 3(d) the Act, 29 U.S.C. § 203(d) and are jointly and severally liable for the payment of the wages and damages discussed below.

III

A. Defendants, at all times hereinafter mentioned, have suffered or permitted to work employees, who were misclassified as "independent contractors," in the positions of drivers, operators, construction supervisors, mechanics, laborers, carpenters, and clerical

workers. The Defendants are, therefore, employers within the meaning of Sections 3(d) and 3(g) of the Act, 29 U.S.C. §§ 203(d) and 203(g).

B. At all times hereinafter mentioned, Mulrooney Enterprises was an enterprise engaged in commerce and the production of goods for commerce, within the meaning of Sections 3(r)(1) and 3(s)(1) of the Act, 29 U.S.C. §§ 203(r)(1) and 203(s)(1). Thus, the Defendants' employees and the enterprise were subject to Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Act, 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2) and 215(a)(5).

C. Defendants operate as a business engaged in general construction, demolition, and disposal work and the provision of related services under the name of Mulrooney Enterprises. Mulrooney Enterprises, therefore, constitutes an enterprise engaged in commerce, or in the production of goods, for commerce within the meaning of Sections 3(b), 3(i), 3(j), 3(r)(1) and 3(s)(1) of the Act, 29 U.S.C. §§ 203 (b), (i), (j), (r)(1) and (s)(1).

D. At all times hereinafter mentioned, Defendants employed employees that have been and are engaged in commerce, or in the production of goods for commerce, by virtue of performing construction work and related services, to include dirt work, concrete work, grading, finishing, and other general construction activities; by virtue of moving of goods and materials in commerce which, themselves, were moved in and produced for commerce; by providing disposal work and related services; and by performing demolition work and providing related services, within the meaning of Sections 3(b), 3(i), 3(j), 3(r)(1), and 3(s)(1)(A) of the Act, 29 U.S.C. §§ 203(b), (i), (j), (r)(1), and (s)(1)(A).

E. Therefore, during the period at issue the said employees were employed in an enterprise engaged in commerce, or in the production of goods for commerce, within the

meaning of Sections 3(r)(1) and 3(s)(1) of the Act, 29 U.C.S. §§ 203(r)(1) and (s)(1), and the employees and the enterprise were subject to 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Act, 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2) and 215(a)(5).

IV

Since at least October of 2013, the Defendants willfully and repeatedly violated the provisions of Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay employees employed in an enterprise engaged in commerce, or in the production of goods for commerce, the applicable minimum hourly rate due to the Defendant's practice of withholding an employee's final paycheck when the employee separated from the company.

V

Since at least October of 2013, the Defendants willfully and repeatedly violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207, and 215(a)(2), by failing to pay a rate of at least time and a half to employees employed in an enterprise engaged in commerce, or in the production of goods for commerce when those employees worked over forty hours in a workweek.

VI

Since at least October of 2013, the Defendants have willfully and repeatedly violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Regulations found at 29 C.F.R. Part 516 by failing to make, keep, and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment, as required by the Act and the aforementioned Regulations. Defendants did not make, keep, and preserve the required records for the required

years. In addition, the records which were produced failed to accurately document the persons employed and the hours worked, due, in large part, to the Defendant's practice of altering and rewriting the hours worked by employees and by the Defendant's intentional falsification and manipulation of said records prior to providing them to the Secretary.

## VII

WHEREFORE, cause having been shown, Plaintiff prays for a Judgment:

1. Permanently enjoining Defendants and their agents, servants, employees and all persons in active concert or participation with them, from violating Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Act, 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2) and 215(a)(5);

2. Restraining the Defendants against withholding payment of wages found by the Court to be due to employees the Act (as named in "Exhibit A" attached hereto and made a part hereof and such other employees as may be identified and named prior to and at trial), for a period of three years prior to January 5, 2017 in accordance with Section 17 of the Act, 29 U.S.C. § 217, until the date defendants can establish that they have come into full compliance.

3. Awarding back wages for a period of three years prior to January 5, 2017 as well as an additional equal amount as liquidated damages to employees (as named in "Exhibit A" attached hereto and made a part hereof and such other employees as may be identified and named prior to or at trial) in accordance with Section 16(c) of the Act, 29 U.S.C. § 216(c); and

4. For such other and further relief as may be necessary and appropriate including interest on wages due at the underpayment rate established by the

Secretary of the Treasury, pursuant to 29 U.S.C. § 6221, from the date they became due until the date they are paid, and the costs of this action.

Respectfully submitted,

M. PATRICIA SMITH
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

THERESA BALL
Associate Regional Solicitor

POST OFFICE ADDRESS:

U. S. Department of Labor
Office of the Solicitor
618 Church Street /s/Willow Eden Fort
Suite 230 WILLOW EDEN FORT
Nashville, Tennessee 37219-2440 Attorney

Telephone: 615/781-5330, Ext. 237    U. S. Department of Labor
FAX No. 615/781-5321    Attorneys for the Secretary
E-mail: nash.fedcourt@dol.gov
       fort.willow@dol.gov